**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **JACQUELINE THERRIAULT,** | |
| Plaintiff, | |
| v. | Civil Action No.:  3:26-cv-00461 |
| **NFI INTERACTIVE LOGISTICS, LLC,** | MARCH 27, 2026 |
| Defendant. | |

### NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant NFI Interactive Logistics, LLC ("Defendant"), files this Notice of Removal in accordance with 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and removes this action from the State of Connecticut Superior Court, Judicial District of Windham, to the United States District Court for the District of Connecticut. As its reasons for removal, Defendant states:

**I.      STATE COURT ACTION**

1.      By Summons and Complaint, Plaintiff Jacqueline Therriault ("Plaintiff") commenced a civil action against Defendant in Connecticut Superior Court titled *Jacqueline Therriault v. NFI Interactive Logistics, LLC* Docket No. WWM-cv26-6036431-S (the "Superior Court Action").

2.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served by Plaintiff on Defendant are attached hereto as **Exhibit A** and constitute all processes, pleadings and orders served upon Defendant in this action to the present date. 28 U.S.C. § 1446(a).

3.      This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court Action is pending.  28 U.S.C. §§ 1441(a) and 1446(a).  Under 28 U.S.C. § 1441(a), this Court is the appropriate forum to entertain this Notice of Removal.

4.      Attached hereto as **Exhibit B** is a copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Superior Court, Judicial District of Windham.  28 U.S.C. § 1446(d).

## II.    TIMELINESS OF NOTICE OF REMOVAL

5.      This Notice of Removal is being filed within 30 days of the date Defendant was served with a copy of the Complaint in the Superior Court Action.  28 U.S.C. § 1446(b).

6.      Defendant first received notice of this lawsuit on February 26, 2026, when its agent for service of process received a copy of the Summons and Complaint.  The thirtieth (30th) day after February 26, 2026 is Saturday, March 28, 2026. Therefore, the deadline to remove this action is Monday, March 30, 2026.  Therefore removal of this action today is timely under 28 U.S.C. § 1446(b).

7.      By filing this notice, Defendant does not waive any defenses that may be available to it.

## III.    GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

8.      Removal of this action is appropriate based upon diversity of citizenship under 28 U.S.C. §§ 1332, 1441(b). As detailed below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *Id.* § 1332(a)(1).

A.      **Citizens of Different States**

9.      To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005); *Doe v. Yale Univ.*, 564 F. Supp. 3d 11, 16 (D. Conn. 2021).

10.     Citizenship of Plaintiff. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1). For diversity purposes, courts determine an individual's domicile by examining the individual's "physical presence" and "intent to remain in that place indefinitely." *Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys., and Bd. of Trs.*, 581 F. App'x 81, 82 (2d Cir. 2014). "The place where a [person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. Of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). The Complaint states that Plaintiff is a resident of the town of Willimantic in the State of Connecticut. *See* **Exhibit A** at ¶ 1. Therefore, upon information and belief, Plaintiff is domiciled in and a citizen of the State of Connecticut.

11.     Citizenship of Defendant.  The citizenship of a limited liability company is determined not by where it is chartered or conducts business, but where its "members" are citizens. See *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("In general, the citizenship of a limited liability company is determined by the citizenship of each of its members"), citing *Bayerische Landesbank, New York Branch v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Handelsman v. Bedford Village Assocs, L.P.*, 213 F.3d 48, 51–52 (2d Cir. 2000).

3

12.    Defendant is a Delaware Limited Liability Company with its principal place of business and headquarters in New Jersey. Its executive and administrative functions are housed within its headquarters in New Jersey.  *See* **Declaration of Sarah Pontoski, Exhibit C at ¶ 4.**

13.    Defendant is wholly owned by NFI, L.P. There are four partners of NFI, L.P.  Three are traditional trusts and one, NFI GP, LLC, is a Delaware LLC. *See*,  **Declaration of Sarah Pontoski, Exhibit C at 5.**

14.    The three members of NFI GP, LLC are (a) Sidney R. Brown, who is domiciled in and a citizen of Colorado; (b) Irwin J. Brown, who is domiciled in and a citizen of Texas, and (c) Jeffrey S. Brown, who is domiciled in and a citizen of Florida. *See*, **Declaration of Sarah Pontoski, Exhibit C at ¶ 6.**

15.    The names of the three trusts that are partners of NFI, L.P., the names of those trusts' trustees, and the states in which the trustees are domiciled and of which they are citizens are shown on the following table, (*See*, **Declaration of Sarah Pontoski, Exhibit C at ¶ 7**):

|  | **Name of Trust** | **Name of Trustee** | **State of Trustee's Domicile** |
|---|---|---|---|
| 1. | Sidney R. Brown 2009 GST Exempt Family Trust dated November 30, 2009 (a NJ trust) | Sandra Brown and Scott Brucker | Colorado & Pennsylvania |
| 2. | Jeffrey S. Brown 2015 GST Exempt Trust (a NJ trust) | Daniel Cooper & Tracy Brown | Pennsylvania & Florida |
| 3. | Irwin J. Brown 2015 GST Exempt Family Trust (a Texas trust) | Scott Brucker | Pennsylvania |

16.    No partner of NFI, L.P. or any other related entity, including Defendant, is a citizen of Connecticut. *See,* **Declaration of Sarah Pontoski, Exhibit C at ¶ 8.**

17.     Based on the above and accompanying Declaration, complete diversity of citizenship exists.

**B.      Amount in Controversy**

18.      Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

19.      Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20.      Although Defendant disputes Plaintiff's allegations and denies it is liable to Plaintiff, it is clear that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. The Second Circuit has "liberal standards" for determining whether a plaintiff's claim meets the jurisdictional threshold. *GW Holdings Grp., LLC v. U.S. Highland, Inc.*, 794 F. App'x 49, 51 (2d Cir. 2019). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Id*. at 50, quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). "This is not an onerous burden." *Id*., quoting *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d. Cir. 2003). Indeed, the Second Circuit recognizes a "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id*., quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). In contrast to this relatively low burden, a "party opposing jurisdiction must show to a 'legal certainty' that the amount recoverable does not meet the jurisdictional threshold." *Id*. at 51, quoting *Wolde-Meskel*, 166 F.3d at 63. "It is not easy to do this." *Id*.

21.     In her Complaint, Plaintiff seeks money damages for alleged discrimination, including compensatory damages, damages for back pay, front pay, lost personal days, CT-FMLA liquidated damages, attorneys' fees, CT-FMLA statutory damages, costs, interest, post-judgment interest, and other non-monetary damages including job reinstatement. *See* **Exhibit A** at pg. 6. While the Complaint does not specify the amount of damages that Plaintiff seeks, Plaintiff's Statement of Amount in Demand indicates the amount "exceeds $15,000.00, excluding costs and interests." *Id.* at pg. 7.

22.     Prior to her termination, Plaintiff earned $25.50 per hour and worked a full-time schedule of forty (40) hours per week. Extrapolated over a full year, Plaintiff earned approximately $53,040.00 annually. Plaintiff also seeks liquidated damages under the CT-FMLA which can be awarded if a willful violation is found. Under that statute, liquidated damages are double damages. Taken together, there is a reasonable probability that Plaintiff's claimed damages exceed $75,000, exclusive of interest and costs, and Defendant has sufficiently demonstrated that the amount in controversy in this case exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

## II.     RELIEF REQUESTED

23.     For the foregoing reasons, Defendant requests that the United States District Court for the District of Connecticut assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this matter be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

Respectfully submitted,


/s/ Paula N. Anthony
Paula N. Anthony (ct08972)
Ian C. Beck (ct31687)
panthony@littler.com
ibeck@littler.com


LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
Suite 300
New Haven, CT  06510
Telephone:    203.974.8700
Facsimile:    203.974.8799

Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of March, 2026, a copy of the foregoing was sent via

email or First Class Mail to all counsel and pro se parties of record as follows:

James V. Sabatini
Sabatini and Associates, LLC
1 Market Square
Newington, CT 06111
jsabatini@sabatinilaw.com


                                                            */s/ Paula N. Anthony*____
                                                            Paula N. Anthony

# EXHIBIT A

## SUMMONS - CIVIL
JD-CV-1  Rev 2-25
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

**Instructions are on page 2.**

| For information on ADA accommodations, contact the Centralized ADA Office at 860-706-5310 or go to: www.jud.ct.gov/ADA/ |
|---|

STATE OF CONNECTICUT
JUDICIAL BRANCH
**SUPERIOR COURT**
*www.jud.ct.gov*



☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**

By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 155 Church Street; Putnam, CT  06260 | ( 860 ) 928 – 7749 | 3/31/2026 |

| ☒ Judicial District  G.A. <br> ☐ Housing Session  ☐ Number: ___ | At *(City/Town)* <br> **Putnam** | Case type code *(See list on page 2)* <br> Major: **M**     Minor: **90** |
|---|---|---|

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
|---|---|
| Sabatini and Associates, LLC; One Market Square; Newington, CT  06111 | 052654 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
|---|---|
| ( 860 ) 667 – 0839 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case. Any attorney who is not exempt from e-filing is required to accept electronic delivery. (Practice Book Section 10-13) ☐ Yes ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: THERRIAULT, Jacqueline <br> Address: 255 Pleasant Street; Apartment 206; Willimantic, CT  06226 | P-01 |
| **Additional plaintiff** | Name: <br> Address: | P-02 |
| **First defendant** | Name: NFI INTERACTIVE LOGISTICS, LLC; 2 Cooper Street; Camden, New Jersey  08102 <br> Address: Agent: Corporation Service Company; Goodwin Sq.; 225 Asylum Street; 20th Fl.; Hartford, CT  06103 | D-01 |
| **Additional defendant** | Name: <br> Address: | D-02 |
| **Additional defendant** | Name: <br> Address: | D-03 |
| **Additional defendant** | Name: <br> Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.

2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.

3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/

4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.

5. If you have questions about the summons and complaint, you should talk to an attorney.
   The court staff is not allowed to give advice on legal matters.

| Date <br> 2-  2026 | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court <br> ☐ _____ Clerk | Name of person signing <br> **James V. Sabatini, Esquire** |
|---|---|---|---|

| If this summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. <br> b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. <br> c. The court staff is not permitted to give any legal advice in connection with any lawsuit. <br> d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

Page 1 of 2

RETURN DATE:  March 31, 2026

JACQUELINE THERRIAULT            :        SUPERIOR COURT

VS.                              :        WINDHAM JUDICIAL DISTRICT

NFI INTERACTIVE LOGISTICS, LLC  :        FEBRUARY 24, 2026

## COMPLAINT

1.    Plaintiff is a resident of Willimantic, Connecticut.

2.    Defendant NFI Interactive Logistics, LLC was and is a New Jersey limited liability company with a principal place of business located at 2 Cooper Street, Camden, New Jersey 08102.

3.    Defendant employed plaintiff.

4.    Defendant hired plaintiff on or about January 13, 2025.

5.    Plaintiff's job position was Logistics Coordinator.

6.    Plaintiff was qualified for the job.

7.    Plaintiff worked at the defendant's Dayville, Connecticut facility.

8.    On or about August 15, 2025, plaintiff requested continuous family leave under the CT-FMLA.

9.    Plaintiff requested family leave to care for her grandmother who was dying from cancer.

10.    Defendant received notice of plaintiff's request for CT-FMLA job protected family leave.

1

11.   Plaintiff's grandmother's cancer was a serious health condition with the meaning of the CT-FMLA.

12.   The CT-FMLA continuous family leave was approved to November 7, 2025.

13.   Plaintiff went on a continuous family leave of absence.

14.   On or about September 24, 2025, the plaintiff notified the defendant that she would be returning to work on October 7, 2025 and would be requesting CT-FMLA intermittent family leave.

15.   On October 2, 2025, the defendant, by and through employee Deidre McElroy, notified the plaintiff that she was terminated because the company was downsizing.

16.   McElroy told the plaintiff that there were no other job offers or positions.

17.   Subsequent to the plaintiff's termination, the defendant advertised for the plaintiff's job position including on indeed.com

18.   Subsequent to the plaintiff's termination, defendant has hired an individual for the plaintiff's position.

19.   Any and all excuses to be offered by the defendant to explain the termination decision would be a pretext to cover up illegal FMLA discrimination and/or retaliation.

20.   Plaintiff's exercise of rights under the CT-FMLA was used by the defendant as a negative factor when making the decision to terminate plaintiff's employment.

21.    Plaintiff was an eligible employee within the meaning of the CT-FMLA – C.G.S. §31-51kk et seq.

22.    Defendant was a covered employer within the meaning of the CT-FMLA - C.G.S. §31-51kk et seq.

## FIRST COUNT
### (Interference with the Exercise of Rights under the CT-FMLA)

1.    Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

23.    Defendant, by and through its agents and/or employees, interfered with plaintiff's rights under the CT-FMLA.

24.    Plaintiff was actively using CT-FMLA job protected family leave at the time defendant terminated plaintiff's employment.

25.    By terminating plaintiff's employment, the defendant interfered with plaintiff's rights under the CT-FMLA including the right to be restored to her job.

26.    As a result of defendant's interference, plaintiff suffered and sustained harms and losses, including but not limited to: lost employment; lost wages, lost employment benefits, and other expenses and financial losses that would not otherwise have been incurred.

27.    Defendant's interference was willful.

## SECOND COUNT
### (CT-FMLA Discrimination/Retaliation)

1.    Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

28.    Plaintiff invoked her right to CT-FMLA-qualifying family leave.

3

29.    Defendant, by and through its agents and/or employees, retaliated against the plaintiff for her exercise of rights under the CT-FMLA by terminating her employment.

30.    As a result of defendant's retaliation, plaintiff suffered and sustained harms and losses, including but not limited to: lost employment; lost wages, lost job responsibilities, lost employee benefits, and other expenses and financial losses that would not otherwise have been incurred.

31.    Defendant's actions have been willful.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages against defendant including: compensatory damages; damages for back pay, front pay, lost personal days; CT-FMLA liquidated damages; attorneys' fees; CT-FMLA statutory damages; costs; interest; post judgment interest; prejudgment interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 24th day of February, 2026.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

_____
James V. Sabatini

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT B

| | |
|---|---|
| DOCKET NO:  WWM-CV26-6036431-S | SUPERIOR COURT |
| **JACQUELINE THERRIAULT,** | J.D. OF WINDHAM |
| Plaintiff, | MARCH 27, 2026 |
| v. | |
| **NFI INTERACTIVE LOGISTICS, LLC,** | |
| Defendant. | |

### **NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441, Defendant NFI Interactive Logistics, LLC, filed a Notice of Removal of this action in the United States District Court for the District of Connecticut. A copy of said Notice is attached hereto as **Exhibit A**. This Notice to the Superior Court was filed and served pursuant to 28 U.S.C. § 1446(d).

*/s/ Paula N. Anthony*

Paula N. Anthony
Ian C. Beck (ct31687)
panthony@littler.com
ibeck@littler.com

LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone:   203.974.8700
Facsimile:   203.974.8799

Attorneys for Defendant

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 27th day of March, 2026, a copy of the foregoing was sent via

email or First Class Mail to all counsel and pro se parties of record as follows:

James V. Sabatini
Sabatini and Associates, LLC
1 Market Square
Newington, CT 06111
jsabatini@sabatinilaw.com


_/s/ Paula N. Anthony_____
Paula N. Anthony

 

State of Connecticut Judicial Branch
# Superior Court E-Filing

**Attorney/Firm: LITTLER MENDELSON P.C. (426891)**          **E-Mail: MNATALE@LITTLER.COM**   Logout

Hide Instructions                    **You have successfully e-filed!**

**Instructions:** The information about the item you filed is on this confirmation page. You must print a copy of this page for your records. Choose **Print This Page** at the top of the page to print your copy.

Choose **E-File Another Pleading/Motion/Other on this Case** to go back to the **Select a Motion** page to choose another document name and file another document.

Choose **Return to Superior Court E-Filing Menu** to go back to the menu page.

Choose **Return to Case Detail** to look at the documents filed in this case or to file a reclaim in this case.

Print This Page

**Confirmation of E-filed Transaction  (print this page for your records)**

| | |
|---|---|
| **Docket Number:** | WWM-CV-26-6036431-S |
| **Case Name:** | THERRIAULT, JACQUELINE v. NFI INTERACTIVE LOGISTICS, LLC |
| **Type of Transaction:** | Pleading/Motion/Other document |
| **Date Filed:** | Mar-27-2026 |
| **Motion/Pleading by:** | LITTLER MENDELSON P.C. (426891) |
| **Document Filed:** | 101.00 NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT |
| **Date and Time of Transaction:** | Friday, March 27, 2026 10:53:03 AM |

E-File Another Pleading/Motion/Other document on this Case

Return to Civil / Family Menu          Return to Case Detail

Copyright © 2026, State of Connecticut Judicial Branch